**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4419**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

NATHANIEL TYRONE GALLOWAY,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:05-cr-00285-WLO)

———————

Submitted:  January 25, 2007          Decided:  January 29, 2007

———————

Before WIDENER and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Randall Stuart Galyon, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Tyrone Galloway appeals his 360-month sentence imposed following his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) (2000). Galloway's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal, but questioning whether Galloway's sentence was reasonable. Galloway was advised of his right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guideline range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Id. A sentence within the proper advisory guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

The district court determined that because Galloway was over eighteen years old and had at least two prior felony convictions for a controlled substance, he was subject to sentencing as a career offender, resulting in an offense level of 37 and Criminal History Category VI. See U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2005). His advisory guideline range was thus 360 months' to life imprisonment. See USSG Ch. 5, Pt. A (Sentencing Table). Galloway did not object to the presentence report and conceded to the factual allegations contained therein. The district court imposed a sentence of 360 months' imprisonment, which is within the appropriately calculated advisory guideline range of 360 months' to life imprisonment and is therefore presumptively reasonable. See Green, 436 F.3d at 457. There is no evidence in the record that the sentence is procedurally or substantively unreasonable. We therefore find the sentence was reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Galloway's conviction and sentence. We also deny Galloway's counsel's motion to withdraw as counsel. This court requires that counsel inform Galloway, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Galloway. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED